UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PENELOPE GRIFFIN,

      Plaintiff,

v.

Case No. 08-10107
Honorable Patrick J. Duggan

GUTTER GRATE OF TROY/BIRMINGHAM
LLC, d/b/a GUTTER GRATE OF AMERICA,
AMERICAN GENERAL FINANCIAL SERVICES,
INC., HANSONS WINDOW AND
CONSTRUCTION, INC., AND GREG GRIESSEL,

      Defendants.
_____/

## OPINION AND ORDER

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on _____.

PRESENT: THE HONORABLE PATRICK J. DUGGAN
U.S. DISTRICT COURT JUDGE

Plaintiff Penelope Griffin ("Ms. Griffin") filed this lawsuit against Defendants in the Wayne County Circuit Court on December 12, 2007. Defendants are Gutter Grate of Troy/Birmingham LLC ("Gutter Grate"), American General Financial Services, Inc. ("American General"), Hansons Window and Construction, Inc. ("Hansons"), and Greg Griessel ("Mr. Griessel"). On January 7, 2008, American General removed Ms. Griffin's complaint to this Court pursuant to 28 U.S.C. § 1331.[1] Presently before the Court is

---

[1] Hasons and Gutter Grate concurred with and joined in American General's removal. (*See* Notice of Removal ¶ 3.) According to American General, upon

American General's motion to compel arbitration and stay proceedings pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 1-16, filed January 28, 2008. The motion has been fully briefed and, on February 26, 2008, this Court issued a notice informing the parties that it is dispensing with oral argument with respect to the motion pursuant to Eastern District of Michigan Local Rule 7.1(e)(2).

## Factual Background[2]

On November 28, 2006, Ms. Griffin entered into a Home Improvement Contract and a Home Improvement Installment Contract and Agreement with Gutter Grate. Pursuant to the agreements, Gutter Grate agreed to install replacement gutters on Ms. Griffin's home in Southfield, Michigan, for $6,450. The agreements provide that American General would finance the goods and services supplied by Gutter Gate pursuant to the Home Improvement Installment Contract and Agreement. Mr. Griessel was the salesperson who sold the work to Ms. Griffin and presented her with the agreements.

In the first count of her complaint, Ms. Griffin claims that Gutter Grate failed to complete the gutter installation in a workmanlike manner, resulting in the gutters functioning improperly. She also contends that Mr. Griessel was not properly licensed when he negotiated and signed the agreements and that Gutter Grate failed to obtain the necessary permits from the City of Southfield before commencing work. In the second

---

information and belief, Mr. Griessel had not been served with the summons and a copy of the complaint as of the date of removal. (*Id.*)

[2]The facts set forth herein are derived from the complaint.

count of her complaint, Ms. Griffin asserts that the Home Improvement Installment Contract and Agreement does not comply with the federal Truth in Lending Act.

**Argument and Analysis**

American General maintains that an arbitration provision in a Home Improvement Charge Agreement, signed by Ms. Griffin on November 28, 2006, requires Ms. Griffin to submit the claims in her complaint to arbitration. Ms. Griffin responds that the agreement is "fraudulent" and she avers that she never saw the document until her attorney presented it to her several months after the transaction took place. (Resp., Ex. C ¶¶ 8, 10.) In reply, American General notes that Ms. Griffin does not deny that the signature on the Home Improvement Charge Agreement is hers. Nevertheless, American General maintains that the law provides that an arbitrator– not the court– must resolve Ms. Griffin's claim that the Home Improvement Charge Agreement is fraudulent. American General further argues in its reply brief that whether Ms. Griffin signed and received the Home Improvement Charge Agreement is irrelevant because she acknowledges executing the Home Improvement Contract and that agreement contains an arbitration provision substantially identical to the clause in the allegedly fraudulent Home Improvement Charge Agreement.

American General is correct that, in *Prima Paint Corporation v. Flood & Conklin Manufacturing Company*, the Supreme Court held that "'a claim of fraud in the inducement of the entire contract' [which contains an arbitration clause] is a matter to be resolved by the arbitrators, not the federal courts." *Fazio v. Lehman Bros., Inc.*, 340 F.3d

3

386, 393 (6th Cir. 2003) (quoting *Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 402-04, 87 S. Ct. 1801, 1805-06 (1967)). However, as the Sixth Circuit has subsequently made clear, "*Prima Paint* 'presumes an underlying, existent, agreement.'" *Burden v. Check into Cash of Kentucky, LLC*, 267 F.3d 483, 488 (6th Cir. 2001) (quoting *Sandvik AB v. Advent Int'l Corp.*, 220 F.3d 99, 106 (3d Cir. 2000)). As the Supreme Court stated in *Prima Paint*:

> Section 4 [of the Federal Arbitration Act] provides a federal remedy for a party "aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration," and directs the federal court to order arbitration *once it is satisfied that an agreement for arbitration has been made* and has not been honored.

388 U.S. at 400, 87 S. Ct. at 1804 (emphasis added). Thus, when presented with a petition to compel arbitration, the court first must resolve whether there is a valid agreement containing an arbitration clause.[3] *See Pottawatomi Indians*, 383 F.3d at 515 (quoting *Great Earth Co. v. Simons*, 288 F.3d 878, 890 (6th Cir. 2002)). Therefore, the Court does not agree with American General that Ms. Griffin's assertion of "fraud" with respect to the Home Improvement Charge Agreement should be resolved by an arbitrator instead of a court.

This Court finds it unnecessary, however, to resolve whether Ms. Griffin assented

---

[3]An arbitration agreement may be invalidated for the same reasons for which any contract may be invalidated, including forgery, unconscionability, and lack of consideration. *Fazio v. Lehman Bros., Inc.*, 340 F.3d 386, 393 (6th Cir. 2003) (citation omitted).

4

to the Home Improvement Charge Agreement, as she acknowledges signing and receiving the Home Improvement Contract and the reverse side of this agreement also contains an arbitration clause. This clause provides, in part:

> **ARBITRATION PROVISIONS**. Except as provided below, either Buyer(s) or Seller may choose that any claim or dispute between the parties or any claim, dispute, or controversy involving Buyer(s) and any other party arising from or relating to the agreement or the relationship which resulted from this agreement, including the validity of this arbitration clause or the entire agreement, shall be resolved by binding arbitration. . . .
> . . . By signing this Agreement, Buyer(s) agrees to the Arbitration Provision above, which provides that Buyer or Seller can require that all disputes, claims, or controversies between the parties be submitted to BINDING ARBITRATION. **BUYER UNDERSTANDS THAT BUYER IS VOLUNTARILY WAIVING HIS/HER RIGHT TO A JURY TRIAL OR JUDGE TRIAL FOR SUCH DISPUTES**.

(Reply, Ex. 1.) The fact that this arbitration provision appears on the reverse side of the Home Improvement Contract does not render it unenforceable, as "one who signs a contract is presumed to know its contents." *Burden*, 267 F.3d at 492 (citing *Stout v. J.D. Byrider*, 228 F.3d 709, 715 (6th Cir. 2001)). Moreover, on the front side of the Home Improvement Contract, in bold letters immediately below Ms. Griffin's signature, is the following language: "NOTICE: See reverse side for important additional contract terms."

The arbitration clause set forth above is substantially identical to the arbitration clause in the Home Improvement Charge Agreement and Ms. Griffin does not challenge American General's assertion that the latter clause is sufficiently broad to encompass the

claims in her complaint.  In any event, the Court agrees with American General that the arbitration clause compels arbitration of the asserted dispute.

While American General asks the Court to stay the proceedings pending arbitration, the Sixth Circuit has concluded that "'[t]he weight of authority clearly supports dismissal of [a] case when all of the issues raised in the district court must be submitted to arbitration.'" *Green v. Ameritech Corp.*, 200 F.3d 967, 973 (6th Cir. 2000) (quoting *Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992)). Indeed, "[m]ost district courts in this circuit agree that the best procedure for enforcing arbitration agreements is to dismiss the court action without prejudice." *Nestle Waters N. Am., Inc. v. Bollman*, No. 06-00577, 2006 U.S. Dist. LEXIS 89579, at *20-21 (W.D. Mich. Dec. 11, 2006) (citing *Saneii v. Robards*, 187 F. Supp. 2d 710, 714 (W.D. Ky. 2001) and *Tanglewood Hospitality Venture, Inc. v. Ogle*, No. 3:05-CV-184, 2005 WL 2060769 (E.D. Tenn. Aug. 25, 2005)).  Therefore, rather than staying the action as American General requests, the Court dismisses the action without prejudice.

Accordingly,

**IT IS ORDERED**, that Defendant American General Financial Services, Inc.'s Motion to Compel Arbitration and Stay Proceedings is **GRANTED IN PART AND DENIED IN PART** in that the Court compels arbitration of the claims in Plaintiff's complaint and **DISMISSES** the action **WITHOUT PREJUDICE**.

                                        s/PATRICK J. DUGGAN
                                        UNITED STATES DISTRICT JUDGE

Copies to:
John F. Earley, Jr.
Michelle Thurber Czapski
K. Scott Hamilton